UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
MARK KOMAR,

              Plaintiff,                            Case No. 1:23-cv-00428-FJS-DJS

  -against-

                                                             **AMENDED**
                                                             **COMPLAINT**

SKS BOTTLE & PACKAGING, INC., and
KATHLEEN A. DEGUIRE                                   **Jury Trial Demanded**

              Defendants.
----------------------------------------------------X

Plaintiff MARK KOMAR (hereinafter referred to as "Plaintiff"), by and through his attorneys, BERLINGIERI LAW, PLLC, as and for his Amended Complaint in this action against the Defendants SKS BOTTLE & PACKAGING, INC. and KATHLEEN A. DEGUIRE (hereinafter referred to as "Defendants"), respectfully alleges as follows:

## NATURE OF CASE

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to the Americans with Disabilities Act of 1990, as amended 42 U.S.C. § 12101 *et seq* ("ADA"), the Family Medical Leave Act of 1993, as amended ("FMLA") and for violations of New York State Human Rights Law, ("NYSHRL") Article 15 of the Executive Law § 296, *et seq*., for disability discrimination, failure to accommodate and retaliation, and any other claims(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 12101 and 29 U.S.C. § 2601.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

1

4.  Venue is properly laid in the Northern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

5.  Plaintiff *pro se* filed a verified complaint with the New York State Division of Human Rights ("NYSHDR") dual filed with the Equal Employment Opportunity Commission ("EEOC") on or about September 7, 2021, against Defendant SKS Bottle & Packaging, Inc. (NYSDHR Case No. 10213326 and EEOC Charge No. 525-2022-01151).

6.  On February 18, 2022, after investigation, the NYSDHR found "Probable Cause" as to Plaintiff's verified complaint that Defendant SKS Bottle & Packaging, Inc., and finding that Defendant had engaged in or is engaging in unlawful discriminatory practice complained of.

7.  On August 29, 2022, Plaintiff (by and through undersigned counsel) requested in writing to the NYSDHR Chief Administrative Law Judge for an "Administrative Convenience Dismissal" or ("ACD").

8.  On September 26, 2022, The NYSDHR issued a "Recommended Order of Dismissal for Administrative Convenience." On October 26, 2022, The NYSDHR issued a "Notice and Final Order" for the Dismissal for Administrative Convenience, annexed hereto as **Exhibit A**.

9.  On January 11, 2023, the EEOC issued Plaintiff a Notice of Right to Sue to. Annexed hereto as **Exhibit B**.

10. Plaintiff has exhausted all administrative remedies, statutory prerequisites, and conditions precedent under federal and state law.

11. Fees and costs are sought pursuant to 42 U.S.C. § 1988.

## THE PARTIES

12. At all times relevant to this Complaint, Plaintiff was an individual residing in the County of Saratoga County, State of New York.

13. Defendant SKS Bottle & Packaging, Inc., is a corporation organized and existing under

and by virtue of the laws of the State of New York, headquartered in Saratoga Springs.

14.     Upon information and belief, at all times relevant to this Complaint, Defendant has employed twenty (20) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year and meets the definition of an "employer" under ADA and all applicable state and local statutes.

15.     Upon information and belief, Defendant Kathleen A. Deguire ("Ms. Deguire") was and is the Director for Human Resources for SKS.

16.     Upon information and belief, at all times relevant to this Complaint, Defendant Ms. Deguire was and is a resident of the County of Saratoga, State of New York.

## BACKGROUND FACTS

17.     Plaintiff's commenced his employment with Defendant SKS in or around January 2019 as a "Warehouse Puller" at the Defendants' 10 Skyward Dr, Saratoga Springs, NY 12866 facility, hereinafter referred to as the ("workplace").

18.     Defendants terminated Plaintiff's employment on January 20, 2021.

19.     In or around November 30, 2020, Plaintiff took approved FMLA leave in order to take care of his mother.

20.     Complainant's orginal return to work date from his FMLA leave was on or about January 18, 2021.

21.     However, on or about January 2021, Plaintiff injured his knee and became partially disabled and needed emergency knee surgery.

22.     Plaintiff's knee injury left him immobile prior to his surgery and limited his life and ability to work.

23.     On or about January 13, 2021, Plaintiff submitted a doctor's note to the Defendants that indicated that he was scheduled for knee surgery for January 20, 2021, and stated that

3

Plaintiff would be out of work from January 18, 2021 until or before March 1, 2021 and that he would be applying for temporary disability benefits for his knee injury.

24. Defendants terminated Plaintiff on January 20, 2021 by letter.

25. Defendant Ms. Deguire failed to engage in the interactive process with Plaintiff.

26. Ms. Deguire failed to follow up with Plaintiff regarding his request for time off as a result of his unexpected knee surgery.

27. Ms. Deguire emailed Plaintiff on February 2, 2021 regarding his inquiry about the termination (which Plaintiff expressed was wrongful and reminded Ms. Deguire that Plaintiff had at least 120 hours of available paid time off [PTO] accruals available to use for this leave) and stated "Mark, Your correspondence to Ken and others at SKS has been forwarded to this office. Please do not reach out any further on this matter to anyone at SKS but the HR Department. As for your assertion that your termination was wrongful, I am reminding you that you took 2 weeks of FMLA during FFCRA leave, thereby exhausting that benefit. Further, you cannot take vacation while out on disability. This office has notified the attorney for SKS of your accusations and all future correspondence will be directed to them."

28. Ms. Deguire also informed Plaintiff that SKS could not keep his position open and needed to fill his position.

29. Had Ms. Deguire or SKS inquired with Plaintiff as proscribed by the ADA and NYSHRL to engage in an interactive process regarding Plaintiff's reasonable accommodation request, Defendants would have become aware that Plaintiff had recovered quickly and was able to walk and work with no restrictions approximately two weeks after the January 20, 2021 surgery.

30. The Defendants failed to contact Plaintiff to request additional information or discuss any other possible accommodations.

31. At no point did Defendant apprise Plaintiff that she was in violation of any time and attendance policy for leaving her shift after the fourth hour of work.

32. Defendant failed to accommodate Plaintiff after submitting his doctor's note on or about January 13, 2021 to request an accommodation in the form of time off until he recovered from his surgery, which he did, weeks before his requested return to work date of March 1, 2021.

33. Defendants terminated Plaintiff for purportedly being in violation of Defendants' time and attendance policy.

34. Defendants' failed to provide reasonable accommodation in the form of limited medical leave post-FMLA.

35. Plaintiff engaged in protected activity under the ADA and NYSHRL when he requested his reasonable accommodation or about January 13, 2021.

36. Plaintiff engaged in protected activity under the FMLA by taking leave to take care of his mother in or around November 2020.

37. Plaintiff made prior complaints to Defendants regarding the discriminatory treatment he was enduring for requesting accommodation after his FMLA ran out.

38. Defendants retaliated against Plaintiff for taking FMLA leave.

39. Defendants retaliated against Plaintiff for requesting leave for his knee surgery.

40. Defendants retaliated against Plaintiff due to his disability.

41. Plaintiff's utilization of FMLA leave, request for accommodations for a short medical leave for his knee surgery post-FMLA and his disability (knee injury) were motivating factors for the Defendants' decision to terminate Plaintiff.

42. The Defendant SKS engaged in an FMLA violation that was willful because SKS as an employer either knew or recklessly disregarded whether its conduct violated the FMLA.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER ADA**
**(AS TO DEFENDANT SKS ONLY)**

43. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. Plaintiff claims Defendant SKS violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

45. ADA SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

46. Defendant SKS violated the section cited herein by failing to consider Plaintiff's requests for a reasonable accommodation, as well as discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of disabilities.

47. Defendant violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER ADA**
**(AS TO DEFENDANT SKS ONLY)**

48. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. ADA SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

50. Defendant SKS violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR RETALIATION UNDER FMLA
## (AS TO DEFENDANT SKS ONLY)

51. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

52. The FMLA in pertinent part states: "29 U.S. Code § 2615 - Prohibited acts" "(a) Interference with rights (1) Exercise of rights It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter. (2) Discrimination It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter. (b) Interference with proceedings or inquiries It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual— (1) has filed any charge, or has instituted or caused to be instituted any proceeding, under or related to this subchapter;(2) has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter; or (3)has testified, or is about to testify, in any inquiry or proceeding relating to any right provided under this subchapter."

53. Defendant SKS violated the FMLA by terminating Plaintiff for taking FMLA leave in retaliation.

54. Defendant SKS unlawfully interfered, restrained and denied Plaintiff's right to exercise and attempt to exercise his rights under the above section, and discriminated and retaliated against Plaintiff by terminating Plaintiff from his employment for opposing Defendant's unlawful employment practice and attempting to exercise his rights.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW

55. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

56. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

57. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his disability and prior complaints, and requests for accommodations and causing a hostile work environment.

58. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A FIFTH CAUSE OF ACTION
## FOR RETALIATION UNDER
## NEW YORK STATE LAW

59. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

60. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

61. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff by denying his reasonable accommodation causing his termination.

### DEMAND FOR TRIAL BY JURY

62. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned federal and New York State laws;

b. Awarding Plaintiff all damages;

c. Awarding Plaintiff compensatory damages;

d. Awarding Plaintiff punitive damages;

e. Awarding Plaintiff consequential damages;

f. Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

g. Pre-judgment and post-judgment interest, as provided by law; and

    h.    Granting Plaintiff further relief as this Court finds necessary and proper.

Dated: June 7, 2023  
New York, New York

                          Respectfully submitted,

By: *Christopher J. Berlingieri*  
CHRISTOPHER J. BERLINGIERI, ESQ. (519324)  
BERLINGIERI LAW, PLLC  
*Attorney for Plaintiff*  
244 Fifth Avenue, Suite F276  
New York, New York 10001  
Tel.:   (347) 766-5185  
Fax:   (914) 730-1044  
Email: cjb@nyctlaw.com

# EXHIBIT A



**Division of Human Rights**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION
OF HUMAN RIGHTS
   on the Complaint of

MARK KOMAR,
                            Complainant,
             v.

SKS BOTTLE AND PACKAGING, INC.,
                            Respondent.

NOTICE AND
FINAL ORDER

Case No. 10213326

Federal Charge No. 16GC102692

     **PLEASE TAKE NOTICE** that the attached is a true copy of the Recommended Order of Dismissal for Administrative Convenience ("Recommended Order"), issued on September 23, 2022, by Martin Erazo, Jr., an Administrative Law Judge of the New York State Division of Human Rights ("Division"). An opportunity was given to all parties to object to the Recommended Order, and all Objections received have been reviewed.

     Pursuant to 9 N.Y.C.R.R. § 465.17(c)(3), Adjudication Counsel Peter G. Buchenholz has been designated by the Commissioner as the person who is fully empowered to decide this case.

     <u>**PLEASE BE ADVISED THAT, UPON REVIEW, THE RECOMMENDED ORDER IS HEREBY ADOPTED AND ISSUED BY PETER G. BUCHENHOLZ, ADJUDICATION COUNSEL, AS THE FINAL ORDER OF THE NEW YORK STATE DIVISION OF HUMAN RIGHTS ("ORDER")**</u>. In accordance with the Division's Rules of

Practice, a copy of this Order has been filed in the offices maintained by the Division at One Fordham Plaza, 4th Floor, Bronx, New York 10458. The Order may be inspected by any member of the public during the regular office hours of the Division.

**PLEASE TAKE FURTHER NOTICE** that any party to this proceeding may appeal this Order to the Supreme Court in the County wherein the unlawful discriminatory practice that is the subject of the Order occurred, or wherein any person required in the Order to cease and desist from an unlawful discriminatory practice, or to take other affirmative action, resides or transacts business, by filing with such Supreme Court of the State a Petition and Notice of Petition, within sixty (60) days after service of this Order. A copy of the Petition and Notice of Petition must also be served on all parties, including the General Counsel, New York State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. Please do not file the original Notice or Petition with the Division.

**ADOPTED, ISSUED, AND ORDERED.**

DATED:   October 26, 2022
         Bronx, New York

PETER G. BUCHENHOLZ
ADJUDICATION COUNSEL

TO:

Complainant
Mark Komar
226 Maple Street
Corinth, NY 12822

Complainant Attorney
Christopher J. Berlingieri, Esq.
Berlingieri Law, PLLC
244 Fifth Avenue, Suite F276
New York, NY 10001

Respondent
SKS Bottle and Packaging, Inc.
Attn: Kathleen A. Deguire
10 Skyward Drive
Saratoga Springs, NY 12866

Respondent Attorney
Daryl S. Cutler, Esq.
Cutler & Cutler Law, PLLC
2 Hemphill Place, Suite 153
Ballston Spa, NY 12020

Respondent Attorney
Debbie A. Cutler, Esq.
Cutler & Cutler Law, PLLC
2 Hemphill Place, Suite 153
Ballston Spa, NY 12020


Hon. Letitia James, Attorney General
Attn: Civil Rights Bureau
28 Liberty Street
New York, New York 10005

State Division of Human Rights
Robert Goldstein, Director of Prosecutions
Lilliana Estrella-Castillo, Chief Administrative Law Judge
Martin Erazo, Jr., Administrative Law Judge
Michael Swirsky, Litigation and Appeals
Caroline J. Downey, General Counsel
Melissa Franco, Deputy Commissioner for Enforcement
Peter G. Buchenholz, Adjudication Counsel
Matthew Menes, Adjudication Counsel



**Division of Human Rights**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS<br>on the Complaint of<br><br>MARK KOMAR,<br>Complainant,<br>v.<br><br>SKS BOTTLE AND PACKAGING, INC.,<br>Respondent. | RECOMMENDED ORDER OF DISMISSAL FOR ADMINISTRATIVE CONVENIENCE<br><br>Case No. **10213326** |

Federal Charge No. 16GC102692

## PROCEEDINGS IN THE CASE

On September 7, 2021, Complainant filed a complaint with the New York State Division of Human Rights ("Division"), charging Respondent with unlawful discriminatory practices relating to employment in violation of N.Y. Exec. Law, art. 15 ("Human Rights Law").

After investigation, the Division found that it had jurisdiction over the complaint and that probable cause existed to believe that Respondent had engaged in unlawful discriminatory practices. The Division thereupon referred the case to public hearing.

The case was assigned to Martin Erazo, Jr., an Administrative Law Judge ("ALJ") of the Division. Complainant was represented by Berlingieri Law, PLLC, Christopher J. Berlingieri, Esq., of counsel. Respondent was represented by Cutler & Cutler Law, PLLC, Daryl S. Cutler and Debbie A. Cutler, Esqs., of counsel.

- 2 -

On August 29, 2022, Complainant filed a request to dismiss this matter for administrative convenience in order to pursue his claims in federal court. On September 21, 2022, ALJ Erazo received Respondent's written objections to Complainant's request. Respondent argued that Complainant selected the Division and should not be allowed to change the forum; that Respondent's resources have been used in the defense of this matter before the Division; that Respondent would incur additional legal costs in federal court; and that a change of forum would delay the final resolution of this matter.

Respondent has not demonstrated actual prejudice. Complainant's request for an administrative convenience dismissal request is timely. In federal court, the Complainant will have the opportunity to pursue both state and federal claims simultaneously.

Pursuant to Section 297.3(c) of the Human Rights Law, the complaint should be dismissed on the grounds of administrative convenience. The Complainant intends to pursue federal remedies in court, in which forum all the issues concerning the question of discrimination charged can be resolved.

ORDERED, that the case be dismissed for administrative convenience.

Dated: September 23, 2022
Buffalo, New York

*Martin Erazo, Jr.*
Martin Erazo, Jr.
Administrative Law Judge

# EXHIBIT B



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Mark Komar
226 Maple Street
Corinth, NY 12822

Issued On: 01/11/2023

Charge No: 16G-2021-02692

EEOC Representative and email:    TIMOTHY RIERA
Deputy Director
Timothy.Riera@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charing party wishes to pursue matter in Federal District Court..

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
01/11/2023

Timothy Riera
Acting District Director

**Cc:**
Sks Bottle and Packing
3Knabner Road
Mechanicville, NY 11218

Please retain this notice for your records.